IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

JAMES A. ORAZI and            *
KIMBERLY RIDER-ORAZI

                                     *    Case No. 1:15-cv-01520-JFM

           Plaintiffs,

v.                              *

BAC HOME LOANS SERVICING, LP    *
RUSHORE LOAN MANAGEMENT
SERVICES, LLC, US BANK NA As       *
Legal Title for Truman 2013 SC3 Title
Trust, BANK OF AMERICA, N.A.      *

           Defendants.           *

     *     *     *     *     *     *     *     *     *     *     *

## DEFENDANT BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Bank of America, N.A. ("BANA"), for itself and as successor by merger to BAC Home Loans Servicing, LP, by and through counsel, hereby files this Answer and Affirmative Defenses in response to the Complaint filed by Plaintiffs James A. Orazi and Kimberly Rider-Orazi ("Plaintiffs"), and respectfully states the following:

### PARTIES/VENUE/JURISDICTION

1.     The allegations of Paragraph 1 of Plaintiffs' Complaint are admitted on information and belief.

2.     The allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied as stated. Admitted that Plaintiffs are the equitable owners of the Property having conveyed legal title to a trustee pursuant to a deed of trust dated June 29, 2007 to secure a loan of $812,000 from BANA.

3.     The allegations contained in Paragraph 3 of Plaintiffs' Complaint are admitted.

4.      With regard to the allegations contained in Paragraph 4 of Plaintiffs' Complaint it is admitted that BAC Home Loans Servicing, LP merged into Bank of America, N.A., effective July 1, 2011.   Any and all remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint are denied.

5.      With regard to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, it is admitted that BANA is a national association that provides mortgage lending in the United States, including the State of Maryland.   Any and all remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

6.      With regard to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, it is admitted that BANA's principal office is located at 100 North Tryon Street, Charlotte, NC 28202.  It is further admitted that BANA's Resident Agent in Maryland is The Corporation Trust Incorporated.   Any and all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.      Admitted on information and belief that Rushmore Loan Management Services, LLC is a loan servicing company with its principal office located in Wilmington, Delaware. With regard to the remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint, BANA is without sufficient information and knowledge to form a belief as to the truth of such allegations which are therefore denied.

8.      Admitted on information and belief that U.S. Bank, N.A. is a national association with its principal place of business in Minneapolis, Minnesota and serves as trustee for the Truman 2013 SC3 Title Trust.  With regard to the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint, BANA is without sufficient information and knowledge to form a belief as to the truth of such allegations which are therefore denied.

9.      With regard to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, BANA is without sufficient information and knowledge to form a belief as to the truth of such allegations which are therefore denied.

10.      Admitted only that venue is proper in the United States District Court for the District of Maryland, Northern Division to which this case was removed.   The allegations contained in Paragraph 10 of Plaintiffs' Complaint are not factual allegations, but instead constitute legal conclusions to which no response is required.   To the extent that a response is required, the allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied as venue in the Circuit Court of Baltimore County is no longer proper, this case having been removed to federal court as stated above.

## FACTS COMMON TO ALL COUNTS

11.      With regard to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, it is admitted that a Deed was recorded in Book 25875 Page 721 in the Land Records for Baltimore County and a Deed of Trust was recorded in Book 25874 Page 725 that relate to the Property and that the Deed and Deed of Trust speak for themselves.   It is further admitted that James A. Orazi signed an Adjustable Rate Note ("Note") dated June 29, 2007 and that the Note speaks for itself.   BANA denies the allegations to the extent they mischaracterize or are inconsistent with the Deed, Deed of Trust or Note.   It is admitted that BAC Home Loans Servicing, LP was the original servicer.   It is further admitted that BAC Home Loans Servicing, LP merged into Bank of America, N.A., effective July 1, 2011.   Any and all remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

12.      With regard to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, it is admitted that a Line of Credit Deed of Trust was recorded in Book 27310 Page 183 in the

Baltimore County Land Records that relates to the Property and that the document speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint which are therefore denied.

13.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint which are therefore denied.

14.     With regard to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, it is admitted that Mr. Orazi called BANA on April 7, 2010 and spoke with Alejandro Quesada. It is further admitted that Mr. Orazi also spoke with Ingrid Raymond. BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of Paragraph 14 of Plaintiffs' Complaint which are therefore denied.

15.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint which are therefore denied.

16.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint which are therefore denied.

17.     With regard to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, it is admitted that Plaintiffs made consistent late payments beginning in October 2010.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint which are therefore denied.

4

18.     With regard to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, it is admitted Robin Ross faxed BANA an Authorization Form signed by Mr. Orazi on December 9, 2010.  BANA is without sufficient information and knowledge to form a belief to the truth of the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint which are therefore denied.

19.     With regard to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, it is admitted that Ms. Sanders spoke with Nicole at Daniel M. Radebaugh, LLC on April 6, 2011 and advised that she received the current paystub and used the current value of the Property but stated that there was no solution.  Ms. Sanders offered possible short sale options if the borrower was unable to afford the Property.  Any and all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint are denied.

20.     The allegations contained in Paragraph 20 of Plaintiffs' Complaint are denied.

21.     With regard to the allegations contained in Paragraph 21 of Plaintiff's Complaint, it is admitted that prior to May 4, 2011 Plaintiffs were unsuccessful in obtaining a Loan Modification Agreement.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint which are therefore denied.

22.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint which are therefore denied.

23.     With regard to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, it is admitted that Exhibit A is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with

that document.   Any and all remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint are denied.

24.     With regard to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, it is admitted that Christina Pryor mailed a letter addressed to James A. Orazi and dated May 28, 2011, which stated that the loan was not eligible for a modification because Mr. Orazi did not provide the documents requested.   Any and all remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied.

25.     With regard to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, it is admitted that Mr. Orazi spoke with Christina Pryor on May 31, 2011 and Ms. Pryor went over documents needed by the bank.   BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph which are therefore denied.

26.     With regard to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, it is admitted that Exhibit B is attached to Plaintiffs' Complaint and that the document speaks for itself.   BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.   Any and all remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied.

27.     With regard to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, it is admitted that Exhibit C is attached to Plaintiffs' Complaint and that the document speaks for itself.   BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.   Any and all remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied.

28.     With regard to the allegations contained in Paragraph 28 of Plaintiffs' Complaint, it is admitted that Plaintiffs were past due on their BANA mortgage on or about July 1, 2011. BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph which are therefore denied.

29.     With regard to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, it is admitted that Sandra Wilde met with Mr. Orazi on August 16, 2011.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph which are therefore denied.

30.     With regard to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, it is admitted that Exhibit D is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph which are therefore denied.

31.     With regard to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, it is admitted that Exhibit E is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  It is denied that BANA induced Plaintiffs to receive a loan from EMA.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph which are therefore denied.

32.     With regard to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, it is admitted that EMA funds were applied to the account in October and November 2011.  It is further admitted upon information and belief that the EMA funds brought the account current.

BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations and any and all remaining allegations are, therefore, denied.

33.     With regard to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, it is admitted that Ms. Dinkins called Mr. Orazi on October 20, 2011 in response to Mr. Orazi's email request for an update.  Any and all remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied.

34.     With regard to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, it is admitted that Plaintiffs had not yet received a LMA.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint which are therefore denied.

35.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint which are therefore denied.

36.     With regard to the allegations contained in Paragraph 36 of Plaintiffs' Complaint, it is admitted that BANA addressed a letter to Mr. Orazi dated October 31, 2011 informing him that Sharlene Spencer was his new Customer Relationship Manager at BANA.  It is further admitted upon information and belief that loan documents were received by BANA on October 31, 2011.  Any and all remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied.

37.     With regard to the allegations contained in Paragraph 37 of Plaintiffs' Complaint, it is admitted that Plaintiffs had not received an LMA as of December 6, 2011.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of Plaintiffs' Complaint which are therefore denied.

38.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiffs' Complaint which are therefore denied.

39.     With regard to the allegations contained in Paragraph 39 of Plaintiffs' Complaint, it is admitted that Sonia Velazquez emailed Mr. Orazi on December 27, 2011 and stated that no payments had been made since November 2011.  It is further admitted that on December 28, 2011, Monica Garza stated that the $5,430.74 applied to the principal balance would be moved and applied to the December 2011 payment, which would bring the loan current.  It is further admitted that Plaintiffs did not have a LMA.  Any and all remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint are denied.

40.     With regard to the allegations contained in Paragraph 40 of the Plaintiffs' Complaint, it is admitted upon information and belief that on December 28, 2011, Sonia Velazquez received all income information and informed Plaintiff that final review could take 30-45 days.  Any and all remaining allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied.

41.     With regard to the allegations contained in Paragraph 41 of Plaintiffs' Complaint, it is admitted that BANA sent a letter to Mr. Orazi dated April 6, 2012 with a modification of note attached and that the documents speak for themselves.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  Any and all remaining allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied.

42.     With regard to the allegations contained in Paragraph 42 of Plaintiffs' Complaint, it is admitted that the LMA speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  It is further admitted that Mr. Orazi

spoke with Sharlene Spencer on April 23, 2012 and she conferenced him in to speak with the customer service department regarding clarification of his escrow.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph which are therefore denied.

43.     With regard to the allegations contained in Paragraph 43 of Plaintiffs' Complaint, it is admitted that Exhibit F is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint which are therefore denied.

44.     With regard to the allegations contained in Paragraph 44 of Plaintiffs' Complaint, it is admitted that Exhibit G is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent that they mischaracterize or are inconsistent with that document.   The remaining allegations contained in Paragraph 44 of Plaintiffs' Complaint are admitted.

45.     With regard to the allegations contained in Paragraph 45 of Plaintiffs' Complaint, it is admitted that Exhibit H is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent that they mischaracterize or are inconsistent with the document.   The remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint are denied.

46.     With regard to the allegations contained in Paragraph 46 of Plaintiffs' Complaint, it is admitted that BANA addressed a letter to Mr. Orazi dated June 29, 2012 informing him that

Robin Porter was his new Customer Relationship Manager at BANA.  Any and all remaining allegations contained in Paragraph 46 of Plaintiffs' Complaint are denied.

47.     With regard to the allegations contained in Paragraph 47 of Plaintiffs' Complaint, it is admitted that Mr. Orazi contacted BANA on numerous occasions between May 2012 and September 2012 to discuss various issues relating to his loan.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph which are therefore denied.

48.     With regard to the allegations contained in Paragraph 48 of Plaintiffs' Complaint, it is denied that Plaintiffs were never given an opportunity to address and correct any accounting errors in order to bring their account current.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of Plaintiffs' Complaint which are therefore denied.

49.     With regard to the allegations contained in Paragraph 49 of Plaintiffs' Complaint, it is admitted that Exhibit I is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  Any and all remaining allegations contained in Paragraph 49 of Plaintiffs' Complaint are denied.

50.     With regard to the allegations contained in Paragraph 50 of Plaintiffs' Complaint, it is admitted that BANA addressed a letter to Mr. Orazi dated November 19, 2012 which stated BANA is unable to offer loan assistance because "Pre-Emptive Modification not an option." Any and all remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint are denied.

51.     With regard to the allegations contained in Paragraph 51 of Plaintiffs' Complaint, it is admitted that Exhibit J is attached to Plaintiffs' Complaint and that the document speaks for

itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  Any and all remaining allegations contained in Paragraph 51 of Plaintiffs' Complaint are denied.

52.     With regard to the allegations contained in Paragraph 52 of Plaintiffs' Complaint, it is admitted that BANA received Authorizations to Release Information to All agents of St. Ambrose Housing Aid Center, Inc. and Owen Jarvis signed by Plaintiffs on or around February 26, 2013.  Any and all remaining allegations contained in Paragraph 52 of Plaintiffs' Complaint are denied.

53.     With regard to the allegations contained in Paragraph 53 of Plaintiffs' Complaint, it is admitted that Plaintiffs attended an event.  It is further admitted that Plaintiffs stated that they sent money, documents and the agreement but the modification was never honored.  It is admitted that the borrower was informed that BANA could escalate the last modification that was closed.   BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of Plaintiffs' Complaint which are therefore denied.

54.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Complaint which are therefore denied.

55.     With regard to the allegations contained in Paragraph 55 of Plaintiffs' Complaint, it is admitted that Exhibit K is attached to Plaintiffs' Complaint and that it speaks for itself. BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  Any and all remaining allegations contained in Paragraph 55 of Plaintiffs' Complaint are denied.

56.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Complaint which are therefore denied.

57.     With regard to the allegations contained in Paragraph 57 of Plaintiffs' Complaint, it is admitted that BANA has sent at least one notice of intent to foreclose since 2011.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of Plaintiffs' Complaint which are therefore denied.

58.     With regard to the allegations contained in Paragraph 58 of Plaintiffs' Complaint, it is admitted that BANA addressed a letter to Mr. Orazi dated May 23, 2013 informing him that William Brown was his new Customer Relationship Manager (CRM) at BANA.  Any and all remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint are denied.

59.     With regard to the allegations contained in Paragraph 59 of Plaintiffs' Complaint, it is denied that BANA induced Plaintiffs to enter into a third mortgage with EMA.  BANA is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of Plaintiffs' Complaint which are therefore denied.

60.     With regard the allegations contained in Paragraph 60 of Plaintiffs' Complaint, it is admitted that Exhibit L is attached to Plaintiffs' Complaint and that the document speaks for itself.  BANA denies the allegations to the extent they mischaracterize or are inconsistent with that document.  Any and all remaining allegations contained in Paragraph 60 of Plaintiffs' Complaint are denied.

61.     With regard to the allegations contained in Paragraph 61 of Plaintiffs' Complaint, it is admitted that an Assignment of Deed of Trust relating to the Property was recorded on November 6, 2014 in Book 35537, Page 192 in the Baltimore County Land Records.  BANA

denies the allegations to the extent they mischaracterize or are inconsistent with that document. It is further admitted that Rushmore Loan Management Services, LLC is the current loan servicer.  Any and all remaining allegations contained in Paragraph 60 of Plaintiffs' Complaint are denied.

## COUNT 1 – SPECIFIC PERFORMANCE

62.     BANA incorporates by reference Paragraphs 1 through 61 above as if set forth fully herein.

63.     The allegations contained in Paragraph 63 of Plaintiffs' Complaint do not constitute factual allegations, but instead constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 63 of Plaintiffs' Complaint are denied.

64.     The allegations contained in Paragraph 64 of Plaintiffs' Complaint are denied.

65.     The allegations contained in Paragraph 65 of Plaintiffs' Complaint are denied.

66.     The allegations contained in Paragraph 66 of Plaintiffs' Complaint are denied.

67.     The allegations contained in Paragraph 67 of Plaintiffs' Complaint are denied.

## COUNT II – DECLARATORY JUDGMENT

68.     BANA incorporates by reference Paragraphs 1 through 67 above as if set forth fully herein.

69.     The allegations contained in Paragraph 69 of Plaintiffs' Complaint are denied.

70.     The allegations contained in Paragraph 70 of Plaintiffs' Complaint are denied.

71.     The allegations contained in Paragraph 71 of Plaintiffs' Complaint are denied.

## COUNT III: BREACH OF CONTRACT

72.     BANA incorporates by reference Paragraphs 1 through 71 above as if set forth

fully herein.

73.     The allegations contained in Paragraph 73 of Plaintiffs' Complaint are denied.

74.     The allegations contained in Paragraph 74 of Plaintiffs' Complaint are denied.

75.     The allegations contained in Paragraph 75 of Plaintiffs' Complaint are denied.

76.     The allegations contained in Paragraph 76 of Plaintiffs' Complaint are denied.

77.     The allegations contained in Paragraph 77 of Plaintiffs' Complaint are denied.

78.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiffs' Complaint which are therefore denied.

79.     The allegations contained in Paragraph 79 of Plaintiffs' Complaint are denied.

80.     The allegations contained in Paragraph 80 of Plaintiffs' Complaint are denied.

81.     The allegations contained in Paragraph 81 of Plaintiffs' Complaint are denied.

82.     The allegations contained in Paragraph 82 of Plaintiffs' Complaint are denied.

**COUNT IV – PROMISSORY ESTOPPEL**

83.     BANA incorporates by reference Paragraphs 1 through 82 above as if set forth fully herein.

84.     The allegations contained in Paragraph 84 of Plaintiffs' Complaint are denied.

85.     The allegations contained in Paragraph 85 of Plaintiffs' Complaint are denied.

86.     BANA is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Complaint which are therefore denied.

87.     The allegations contained in Paragraph 87 of Plaintiffs' Complaint are denied.

88.     The allegations contained in Paragraph 88 of Plaintiffs' Complaint are denied.

## GENERAL DENIAL

To the extent that any allegation is not specifically admitted in this Answer, it is denied by BANA.  To the extent that any claim for recovery, relief, damages, costs, or fees of any type whatsoever is alleged, BANA denies that Plaintiffs are entitled to recovery, relief, damages, costs or fees of any type or in any amount whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), BANA reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiffs' Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs and with the reservation of the right to amend or supplement the responses to Plaintiffs' Complaint, as well as its affirmative defenses, as information is gathered through discovery:

1.      At all times relevant to the above-captioned action, BANA administered the loan obligations in conformity with applicable laws and regulations.  BANA is entitled to fairly and lawfully exercise rights under the mortgage loan documents, including but not limited to the Promissory Note, Deed of Trust, and the real property that is the subject of this action.

2.      Plaintiffs do not dispute that they owe the debt evidenced by the Note and Deed of Trust.  Further and as alleged in the Complaint, Plaintiffs became unable to pay their mortgage beginning in or around 2010. (Compl. ¶17.)  Because Plaintiffs failed to pay their mortgage, their claims are barred, in whole or in part, or subject to reduction by the doctrines of recoupment, novation, waiver, estoppel, unclean hands and their own breach of contract.

3.      Plaintiffs have suffered no damages resulting from any conduct on the part of BANA.  Rather, any purported damages are due to Plaintiffs' failure to pay their mortgage.

4.      Plaintiffs' damages, if any, were caused by the acts or omissions of individuals or entities over whom or which BANA exercised no control.  Rather, any purported damages are due to Plaintiffs' failure to pay their mortgage.

5.      Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages when they defaulted on their mortgage.

6.      Plaintiffs were parties to one or more written agreements, including but not limited to the Note and Deed of Trust.  The terms of such written agreements bar Plaintiffs' claims.

7.      BANA is entitled to a set-off of any money owed to it by Plaintiffs, including money owed to BANA pursuant to the underlying Note because Plaintiffs defaulted on their mortgage.

8.      Plaintiffs' claims are barred to the extent they are brought outside the applicable statutes of limitation.

9.      Plaintiffs' claims are barred to the extent they are predicated on purported oral agreements barred by the applicable statute of frauds.

10.     BANA reserves the right to add additional affirmative defenses as the case proceeds and the facts and circumstances surrounding the case are revealed during discovery.

## CONCLUSION

WHEREFORE, BANA respectfully requests that this Court:

(a)      Dismiss the Complaint in its entirety;

(b)      Award BANA the costs and disbursements of this action, including reasonable attorneys' fees; and

(c)      Grant such other and further relief as this Court deems just and proper.

17

Date:   August 21, 2015.

Respectfully submitted,

*/s/Veronica D. Jackson*

Veronica D. Jackson (Federal Bar No. 18532)
**McGuireWoods LLP**
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4436
(410) 659-4471 (Fax)
vdjackson@mcguirewoods.com

***Counsel for Bank of America, N.A.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2015, a copy of the foregoing Bank of America, N.A.'s Answer and Affirmative Defenses was filed and sent via CM/ECF to:

Robert N. Grossbart
Grossbart, Portney & Rosenberg, PA
1 N. Charles Street, Suite 1214
Baltimore, MD 21201
***Counsel for Plaintiffs***

Bizhan Beiramee
Beiramee Law Group PC
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
***Counsel for Rushmore Loan Management
Services, LLC and US Bank***

Scott Nadel
Law Offices of Jeffrey Nadel
4041 Powder Mill Road, Suite 415
Calverton, Maryland 20705
***Counsel for Rushmore Loan Management
Services, LLC and US Bank***

*/s/Veronica D. Jackson*
Veronica D. Jackson